Barnard, P. J.
No cause of action is set forth in the complaint. The defendant demurring is an insurance agent. As such he issued certain policies to the plaintiff. A note was given to the agent, I presume as an individual, for the amount of the premiums. This note was renewed in some way, and was unpaid. The note had been put in judgment by a bank which had discounted it before it was due. Before this first note became due, the plaintiff assigned the subject of the insurance or the principal part thereof to Henry I. Cullen, Jr., as trustee. The plaintiff and Cullen delivered up the policies to the agent, and demanded that the policies be cancelled and the premiums returned or that the corporation issuing ¿he policies should make the loss payable to said Cullen as trustee.
The agent had the power to do either act, and the policies provided that one or the other should be done.
The defendant, Viele, retains the policies and refuses to give them up on request.
The plaintiff has no right to the action against Viele. The first note was given for a good consideration. The second was a substitute for it. The corporations were bound to perform their agreement, and are alone responsible if they do not. If Viele endorsed the note first given and the renewal note, he simply in legal effect lent his individual credit to the plaintiff to borrow money to pay his debt.
There is, therefore, no basis upon which to correct the *874 judgment which he paid upon recovery upon a debt as to which he was plaintiff’s surety.
The judgment should be affirmed, with costs.
Pratt and Dykman, JJ., concur.
Pratt, J.
The first note given by defendant was made for a good consideration.
Defendant does not allege that any agreement existed by which upon a transfer of the insured property she should be entitled to a repayment of the unearned premiums. Nor does she allege that Viele ever received any of the unearned premiums or in any way profited by the cancellation of the policies.
For all that appears Viele may have paid to the company and they may yet retain the whole sum "for which judgment was recovered against defendant.
Furthermore, by her assignment of the policies to Mr, Cullen, any supposed right to recover the unearned premiums was vested in him.
The second, or renewal note, is the only one upon which a-recovery has been sought.
Whatever Viele may have said as to his willingness to accept the renewal note, it is plain that it was in fact accepted.
The decisions below were right, and the judgment should he affirmed, with costs.